UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA (Bluefield)



FILED
FEB - 7 2008
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

MARILYN POWELL )
    Plaintiff )
)
v. )
)
BUREAU OF PRISONS )
    Defendant )
)

1:08-0087
DOCKET NO.

## COMPLAINT

Comes now, Plaintiff Marilyn Powell pro se, and files with this court her complaint against the Federal bureau Of Prisons. The Plaintiff is dissatisfied with Michelle T. Fuseyamore, Regional Counsel Determination in the matter of Administrative Tort Claim No. TRT-MXR-2008-00118, filed September 25, 2007.

Plaintiff Powell challenges the denial of the Administrative Tort Claim and would like to present to this court extraordinary circumstances in reference to the process of the claim. On August 9, 2007, I went to Health Services Unit located on FPC Alderson for pain in my shoulder and neck, I was treated "not as a patient, but as a nuisance," I experienced a highly unpleasant mental reactioon that resulted from HSU employee Dana Renick conduct. Since then I have experienced emotional pain and suffering. I made several attempts to resolve this issue before filing an Administrative Tort Claim.

On August 9, 2007, I was on the call out to see PA-5 (Dana Renick) at 9:00 a.m. upon arrival in her office she took my weight, instructed me to have a seat and took my blood pressure, she then sat down, after the blood pressure machine went off PA-5 stated "take that off your arm," I did as she ask, she then stated "what was your weight?"

I then stated "164." PA-5 started to look through my chart, she then stated "ms. Powell each time you came to sick call we have addressed your issues." I then stated "but I am still in pain, since July 23, I have went through four (4) bottles of Ibuprofen, one (1) bottle of aspirin, One (1) bottle of tylenol and one (1) bottle of aleve, so many tubes of muscle rub, nothing is helping the pain over the counter, the medication you gave me on July 30 helped the pain but only for that day but I could still feel the muscle spasm taking place and the twenty pills you gave me on July 30, helped the headache but not the spasms. PA-5 then stated "it is not suppose to help the muscle spasms only the headaches." I then stated "the muscle spasms is what causing the pain can you at least takea x-ray or give me something for the spasms. PA-5 then stated "we have addressed your issues each time and we cannot issue out muscle relaxers." I then stated "so are saying that because I am a inmate it's okay to walk around miserable and in pain? Have I been diagnosed with anything? Because I am still in grave pain. I know a lady I waork with in veggie prep that said she had the same symptoms that I am having and she saw Dr. Rayboir and he helped her by giving her a shot and moving her head. PA-5 then stated "do you know what it is he gave her?" I then stated "no." PA-5 then stated "Ms. Powell every time you have come to sick call we have done everything, continue to use the ibuprofen and the muscle rub and heat on it." I then stated "and I am still in pain." At this point I started to have a muscle spasm and PA-5 stated "why are you looking at your watch?" I did not respond because I was in grave pain, the way I help the pain is by turning my left arm slightly toward to my right tilting my head and squeezing my left palm and gripping it with my righ hand, I was not looking at my watch it just look like I was. When the spasm was over and I could speak I stated "I am in pain." PA-5 yelled "GET OUT OF MY OFFICE AND GO HAVE A SEAT." I did as she instructed and went to have a seat, I thought I was waiting to see a doctor but instead corectional officer Phillips came and escorted me to the lieutenant office. I explained the above to the lieutenant.

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain." Some factors courts have considered in determining whether a "serious medical nedd" is at issue are "(1) whether a reasonable doctor or patient would perceive the medical need in question as important and worthy of comment or treatment; (2) whether the medical condition significantly affects daily activities; and (3) the existence of chronic and substantial pain." Additionally, courts will be likely to find a "serious medical need" if a condition "has been diagnosed by a physician as mandating treatment or..is so obious that even a lay person would easily recognize the necessity of a doctor's attention. A mere difference of medical judgment is not actionable. But the decisions of prison doctors are not per se unassailable. See, eg., Greeno v. Daley, 414F3d 645 (7th Cir.2005) a prisoner is not required to show that he was literally ignored"); Mandel v. Doe, 888 F2d 783, 789-90 (11th Cir. 1989) (Physician's assistant failed to diagnose broken hip, refused to order x-ray, and prevented prisoner from seeing a doctor) *Greeno v. Daley, 414 F3d 645, 654 (7th Cir. 2005) (treatment 'so blantantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate [plaintiff's] condition"); id. at 655 ("doggedly presist[ing] in a nurse of treatment known to be ineffective"); Adams v. Poag, 61 F3d 1537, 1543-44 (11th Cir. 1995) (medical treatment that is "so grossly incompetent, inadequate, or excessive as to shock the conscience" constitutes deliberate indifference); Hughes v. Joliet Correctional Ctr., 931 F2d 425, 428 (7th Cir. 1991) (evidence that medical staff treated the plaintiff "not as a patient, but as a nuisance.")

The Eight Amendment can be violated when failure to treat a prisoner results in pain, even if it does not result in a worsening of the patient's condition. See Washington v. Dugger, 860 F2d 1018, 1021 (11th Cir. 1988) (denial of treatments that could "eliminate pain and suffering at least temporarily."); H.C. v. Jarrard, 786 F2d 1080,1083,1086 (11th Cir. 1986) denial of medical care for injured shoulder was unconstitutional, although no permanent injury resulted).

Access to the medical staff has no meaning if the medical staff is not competent to deal with the prisoner's problems. The medical staff must be competent to examine prisoners

and diagnose illnesses. It must be able to treat medical problems or to refer prisoners to others who can. Such referrals may be to other physicians within the prison, or to physicians or facilities outside the prison if there is reasonable speedy access to these other physicians or facilities.

For these reasons at hand I ask the court to grant me this motion at hand. I have stated my reasons above, for claims for relief. Relief is due to monitary, physical, emotional and punitive damages that cause me mental anguish, and I have been injured by the Bureau Of prison "Deliberate Indifference." $25,000,000.00 relief for damages. Relief, claims, reasons, and facts have all plainly been stated, and I do ask for this relief and pray that you grant them.

RESPECTFULLY SUBMITTED

*Marilyn Powell*
MARILYN POWELL, PRO SE
14972-074   B-3
FEDERAL PRISON CAMP
P.O. BOX A
ALDERSON, WV  24910

2/4/08
DATE

MARILYN POWELL
14972-074  B-3
FEDERAL PRISON CAMP
P.O. BOX A
ALDERSON, WV  24910

24701319268 B052

OFFICE OF THE CLERK
U.S. DISTRICT COURT
FEDERAL BLDG
601 FEDERAL ST.
P.O. BOX 4128
BLUEFIELD, WV  24701-4128

