UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| **MARILYN POWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:08-0087 |
| | ) | |
| **BUREAU OF PRISONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On February 7, 2008, Plaintiff,[1] acting *pro se* and formerly incarcerated at FPC Alderson in Alderson, West Virginia, filed her Complaint in this matter claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619(1971).[2] (Document No. 1.) Plaintiff names the Federal Bureau of Prisons [BOP] as the Defendant.[3] Plaintiff alleges that Defendant is violating her rights under the Eighth Amendment of the United States Constitution because Defendant is failing to provide her with adequate pain medication resulting in the "unnecessary and wanton infliction of pain." (Id., pp. 2 - 3.) Specifically, Plaintiff states as follows:

> Since July 23, I have went through four (4) bottles of Ibuprofen, one (1) bottle of Aspirin, one (1) bottle of Tylenol and one (1) bottle of Aleve, [and] so many tubes of muscle rub. Nothing is helping the pain over-the-counter. The medication [they] gave me on July 30 helped the pain, but only for that day. . .

---

[1] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on July 29, 2008.

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[3] The undersigned notes that the BOP is not a "person" as required by *Bivens*.

(Id., p. 2.) Although Plaintiff continues to complain of pain, she contends that the physician assistant stated that "every time you have came to sick call, we have done everything, continue to use the ibuprofen and the muscle rub and heat on it."(Id.) Plaintiff alleges that "I know a lady I work with in veggie prep that said she had the same symptoms that I am having and she saw Dr. Rayboir and he helped her by giving her a shot and moving her head." (Id.) Plaintiff, however, acknowledges that she does not "know what it was that he gave her." (Id.) Plaintiff therefore contends that she has "been injured by the Bureau of Prisons' deliberate indifference." (Id., p. 4.) Plaintiff requests compensatory and punitive damages in the amount of $25,000,000. (Id.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him or her to relief.[4]

## ANALYSIS

The allegations stated in Plaintiff's Complaint of violations of his constitutional rights are cognizable under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law.[5] The

---

[4] The undersigned notes that Plaintiff has two other actions pending in this district: *Powell v. BOP*, Civil Action No. 1:07-0452, and *Powell v. BOP*, Civil Action No. 1:08-0199.

[5] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. In *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990), the Court pointed out other distinctions between FTCA and *Bivens* actions: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id*.

United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed. 2d 171 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

The Eighth Amendment protects against the infliction of "cruel and unusual punishments." As a general matter, prohibited punishments include those which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Thus, under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). See also Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that

---

Although Plaintiff states that she is dissatisfied with the regional counsel's determination in Administrative Tort Claim No. TRT-MXR-2008-00118, the undersigned finds that Plaintiff does not appear to be asserting a FTCA claim. Plaintiff specifically alleges that the BOP violated her Eighth Amendment rights and requests compensatory and punitive damages. The undersigned notes that claims of negligence are appropriately raised against the United States under the FTCA. Plaintiff, however, does not indicate that she wishes to assert a claim of medical negligence. Even assuming that Plaintiff wishes to assert a claim of medical negligence, she does not indicate that she complied with the prerequisites set forth in the West Virginia Medical Professional Liability Act. *See* W. Va. Code § 55-7B-6.

Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"), quoting Hudson v. Palmer, 468 U.S. 517, 526 - 27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation). The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. at 2399; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995), citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990).To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298, 111 S.Ct. 2321 (citing Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or

mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") The touchstone is the health of the inmate. Plaintiff in this case must therefore allege in the first place and eventually establish a "sufficiently serious" deprivation of medical care and resulting "serious or significant physical or mental injury" in order to maintain and prevail upon his Eighth Amendment claim.

To establish the subjective component of deliberate indifference, an inmate must allege and prove each defendant's consciousness of the risk of harm to the inmate. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. In particular, an inmate must establish that the prison official "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, supra, 511 U.S. at 837, 114 S.Ct. at 1979. An inmate may satisfy the subjective component of standard by showing that prison officials' delay in providing medical treatment caused unnecessary pain or the worsening of his condition. Miltier v. Beorn, 896 F.2d 848, 853 (4th Cir. 1990)("Failure to respond to an inmate's known medical needs raises an inference that there was deliberate indifference to those needs."); Cameron v. Sarraf, 128 F.Supp.2d 906, 911 - 912 (E.D.Va. 2000)("Yet, it is equally clear that mere negligence or delay is not sufficient to establish deliberate indifference.").

In view of the foregoing, the undersigned assumes that Plaintiff's medical condition is objectively serious. Respecting the second prong of the standard, it is clear that Plaintiff cannot establish that Defendant was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff acknowledges that she was examined during "sick call" and received Ibuprofen, Aspirin, Tylenol, Aleve, and muscle rub to treat her pain. Plaintiff, however, alleges that stronger pain medication is needed. Thus, Plaintiff does not allege that Defendant failed to treat her pain, but alleges that over-the-

counter pain medication is insufficient to treat her pain. "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996). Plaintiff further alleges that medical staff acted with deliberate indifference because they did not give her the same medical treatment as "a lady I work with in veggie prep that said she had the same symptoms . . . and [medical staff] helped her by giving her a shot and moving her head." Plaintiff's disagreement or unhappiness with her course of medical treatment is insufficient to establish deliberate indifference because Plaintiff is clearly receiving treatment even if she disagrees with the appropriateness of that treatment. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985)(An inmate's disagreement with her medical care or her course of treatment for an objectively serious medical injury generally will not constitute a sufficient basis for a constitutional claim); Garabedian v. Lanteigne, 2009 WL 1032774, * 2 (E.D.Va.)(finding no deliberate indifference where Plaintiff admits that he is receiving medication for his pain, but claims that the medication is inadequate); Sprinkle v. Barksdale, 2008 WL 4499887, * 2 (W.D.Va.)(finding no indication of deliberate indifference where prison doctors were monitoring Plaintiff's level of pain and providing medication to treat that pain). Reading Plaintiff's documents liberally as required and considering facts as alleged and which might be implied, the undersigned finds that they cannot be read to allege indifference to her serious medical needs in violation of the Eighth Amendment of the United States Constitution and cognizable under Bivens. Accordingly, it appears beyond doubt that Plaintiff can prove no set of facts in support of the requisite second prong of her Eighth Amendment claim that she has received inadequate medical treatment.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint

(Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

ENTER: September 4, 2009.

R. Clarke VanDervort
United States Magistrate Judge